UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

EDWARD BOLDEN, JR. and JUWAN WILLIAMS,

      Plaintiffs,

-against-

BROOKLYN NETS, LLC,

      Defendant.

---------------------------------------------------------------- x

Case No. 21-CV-6328 (CBA) (TAM)

**ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Brooklyn Nets, LLC (the "Nets" or "Defendant"), by and through its undersigned attorneys, Sheppard, Mullin, Richter & Hampton, LLP, hereby answers the Complaint, filed on November 15, 2021 (the "Complaint"), by plaintiffs Edward Bolden, Jr. ("Bolden") and Juwan Williams ("Williams") (together, "Plaintiffs") as follows:

**JURISDICTION AND VENUE**

1. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint, except it avers that Plaintiffs purport to seek relief under the statutes cited therein.

2. Defendant avers that the allegations set forth in paragraph 2 of the Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph 2 of the Complaint contains factual allegations, Defendant denies each and every allegation.

3. Defendant avers that the allegations set forth in paragraph 3 of the Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the

extent that paragraph 3 of the Complaint contains factual allegations, Defendant denies each and every allegation.

4. Defendant avers that the allegations set forth in paragraph 4 of the Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph 4 of the Complaint contains factual allegations, Defendant denies each and every allegation, except it admits that it operates and conducts business within the geographic territory covered by this Court.

## ADMINISTRATIVE PROCEDURES

5. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint.

6. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint.

## PARTIES

7. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint. Defendant further avers that the allegations set forth in paragraph 7 of the Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, Defendant admits that it employed Bolden as a Team Attendant during Defendant's operating seasons from 2014 through 2019.

8. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint. Defendant further avers that the allegations set forth in paragraph 8 of the Complaint state a legal conclusion to which no

response is required. Notwithstanding the foregoing, Defendant admits that it employed Williams as a Team Attendant during Defendant's operating seasons from 2012 through 2019.

9. Defendant avers that the allegations set forth in paragraph 9 of the Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, Defendant admits that it is a New Jersey limited liability company and that its principal place of business is located in Brooklyn, New York.

## FACTUAL ALLEGATIONS

10. Defendant admits the allegations set forth in paragraph 10 of the Complaint, but avers that Bolden's title was hired as a "Ball Person".

11. Defendant admits the allegations set forth in paragraph 11 of the Complaint, but avers that Williams was hired as a "Ball Person".

12. Defendant denies each and every allegation contained in paragraph 12, except it admits that Defendant hired Bolden in each operating season from 2014 through 2019 and hired Williams in each operating season from 2012 through 2019, and that Defendant named Bolden and Williams as co-Captains of the Nets' equipment team during their periods of employment.

13. Defendant denies each and every allegation set forth in paragraph 13 of the Complaint, and avers that, upon information and belief, the National Basketball Association (the "NBA") invited Bolden to participate in NBA activities in Mexico City in 2017 based, in part, on Defendant's recommendation.

14. Defendant denies each and every allegation set forth in paragraph 14 of the Complaint, except it admits that Plaintiffs' supervisor was Joe Cuomo ("Cuomo") and that Cuomo is Caucasian.

15. Defendant denies each and every allegation set forth in paragraph 15 of the Complaint.

16. Defendant denies each and every allegation set forth in paragraph 16 of the Complaint.

17. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegation that it had a "successful season in 2019", or what Plaintiffs mean by that phrase, but it admits that Defendant's Team Attendant staff was named Most Hospitable Team Attendant Staff for the 2018/19 operating season following a vote conducted by the National Basketball Athletic Equipment Managers Association.

18. Defendant denies each and every allegation set forth in paragraph 18 of the Complaint, but avers that the Nets' last home game of the 2019/20 season played in Brooklyn, New York, was on March 8, 2020, that this was the last time either Plaintiff worked for Defendant, and that the NBA suspended the 2019/20 season on March 11, 2020 as a result of the Covid-19 pandemic but continued the remainder of the season beginning on or about July 30, 2020.

19. Defendant denies each and every allegation set forth in paragraph 19 of the Complaint, except that it denies knowledge or information sufficient to form a belief as to the truth of the allegation that Bolden "was vocal about cultural racial disparities – specifically, around police brutality," as alleged in paragraph 19 of the Complaint.

20. Defendant avers that the allegations set forth in paragraph 20 of the Complaint describe Plaintiffs' opinions about matters unrelated to the Nets and do not require a response.

21. Defendant avers that the allegations set forth in paragraph 21 of the Complaint describe Plaintiffs' opinions about matters unrelated to the Nets and do not require a response, except it admits that Nets players and employees discussed social justice and other matters and avers that Defendant welcomed its players' and employees' engagement.

22. Defendant denies each and every allegation set forth in paragraph 22 of the Complaint, except it avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegation that "Black Nets' players gravitated toward [Plaintiffs] for mutual commiseration and support," as alleged in paragraph 22 of the Complaint.

23. Defendant denies each and every allegation set forth in paragraph 23 of the Complaint, except it admits that Cuomo posted the passage quoted in paragraph 23 of the Complaint via social media and avers that Plaintiffs have omitted the full context of Cuomo's posts, including Cuomo's statement that "Diversity is an essential part of the foundation and continual growth of this country. My initial argument is simply that showing disrespect for the United States is not the way to go about creating meaningful change on a problematic issue" and Cuomo's statement in reference to protestors in Charlottesville, Virginia in August 2017, that "Those bigots in Virginia do not represent this country. Not even close."

24. Defendant admits the allegations set forth in paragraph 24 of the Complaint but avers that Plaintiffs have omitted the full context of Cuomo's posts, including Cuomo's statement that "Diversity is an essential part of the foundation and continual growth of this country. My initial argument is simply that showing disrespect for the United States is not the way to go about creating meaningful change on a problematic issue" and Cuomo's statement in reference to protestors in Charlottesville, Virginia in August 2017, that "Those bigots in Virginia do not represent this country. Not even close."

25. Defendant denies each and every allegation set forth in paragraph 25 of the Complaint, except it admits that Cuomo posted the passage quoted in paragraph 25 of the Complaint via social media and avers that Plaintiffs have omitted the full context of Cuomo's posts, including Cuomo's statement that "Diversity is an essential part of the foundation and continual growth of this country" and Cuomo's statement in reference to protestors in Charlottesville, Virginia in August 2017, that "Those bigots in Virginia do not represent this country. Not even close."

26. Defendant admits the allegations set forth in paragraph 26 of the Complaint, but denies that Cuomo's statements are accurately described in the Complaint.

27. Defendant denies each and every allegation set forth in paragraph 27 of the Complaint.

28. Defendant denies each and every allegation set forth in paragraph 28 of the Complaint.

29. Defendant denies each and every allegation set forth in paragraph 29 of the Complaint.

30. Defendant denies each and every allegation set forth in paragraph 30 of the Complaint and avers that Cuomo did not issue the alleged prohibition described in paragraphs 29 and 30 of the Complaint.

31. Defendant admits the allegations set forth in paragraph 31 of the Complaint.

32. Defendant admits the allegations set forth in paragraph 32 of the Complaint.

33. Defendant avers that the allegations set forth in paragraph 33 of the Complaint describe Plaintiffs' opinion about matters unrelated to the Nets and do not require a response,

except that Defendant admits that Cuomo texted Bolden and Williams separately on or about November 17, 2020 and that this was the first time that Cuomo communicated with either Bolden or Williams since in or around March 2020.

34. Defendant denies each and every allegation set forth in paragraph 34 of the Complaint to the extent such allegations suggest that Plaintiffs were employed with Defendant in November 2020, and avers that Plaintiffs' employment with Defendant ended when the Nets played its last home game in Brooklyn, New York, on or about March 8, 2020. Defendant further avers that Cuomo advised Plaintiffs on or about November 17, 2020 that Defendant would not rehire them for the 2020/21 season.

35. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 of the Complaint, except it admits that Williams and Bolden had worked as Team Attendants during Defendant's operating seasons beginning in 2012 and 2014, respectively.

36. Defendant denies each and every allegation set forth in paragraph 36 to of the Complaint except it admits that Plaintiffs contacted the Nets' General Manager, Sean Marks ("Marks"), in November 2020 to complaint that Defendant had decided not to hire them for the 2020/21 season, that Marks is Caucasian, and that Marks advised Plaintiffs that Defendant would review the reasons for its decision.

37. Defendant admits the allegations contained in paragraph 37 of the Complaint.

38. Defendant denies each and every allegation set forth in paragraph 38 of the Complaint except it admits that Ryan Gisriel ("Gisriel") contacted Bolden, confirmed that Bolden would not be hired for Defendant's 2020/21 season, that one of Bolden's colleagues on

the Nets' equipment team – not Cuomo – had described Bolden and Williams as "lazy", and that the Nets decided not to hire Bolden for the 2020/21 operating season, in part, because Bolden had a full-time job with the Metropolitan Transit Authority that prevented him from working approximately half of the Nets' home games and appeared to negatively impact Bolden's performance when he did report to work with Defendant.

39. Defendant admits the allegations set forth in paragraph 39 of the Compliant that Cuomo never told Bolden or Williams that they were "lazy", but avers that Cuomo counseled Bolden and Williams on multiple occasions during their employment with Defendant to improve their performance.

40. Defendant denies each and every allegation set forth in paragraph 40 of the Compliant, avers that Defendant did not fill Bolden's or Williams' Team Attendant positions for the 2020/21 season, and further avers that Defendant hired several new Team Attendants for the 2021/22 season: one Hispanic individual, one of Indian descent, and two African-Americans.

41. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41 of the Complaint with respect to what an unnamed representative of an unnamed NBA team reportedly said to Bolden, but Defendant denies each and every allegation suggesting that Cuomo or any other Nets representative "blacklisted" Bolden or retaliated against Bolden in any way.

42. Defendant denies each and every allegation set forth in paragraph 42 of the Compliant and avers that neither Cuomo nor any other Nets representative "blacklisted" Bolden or retaliated against Bolden in any way.

43. Defendant denies each and every allegation set forth in paragraph 43 of the Compliant.

## FIRST CAUSE OF ACTION
## Race Discrimination in Violation of Section 1981

44. Defendant incorporates the responses made to paragraphs 1 through 43 of the Complaint as if fully set forth herein.

45. Defendant denies each and every allegation set forth in paragraph 45 of the Compliant.

46. Defendant denies each and every allegation set forth in paragraph 46 of the Compliant.

47. Defendant denies each and every allegation set forth in paragraph 47 of the Compliant.

48. Defendant denies each and every allegation set forth in paragraph 48 of the Compliant.

49. Defendant denies each and every allegation set forth in connection with the First Cause of Action in the Complaint and denies that Plaintiffs are entitled to any relief.

## SECOND CAUSE OF ACTION
## Retaliation in Violation of Section 1981

50. Defendant incorporates the responses made to paragraphs 1 through 48 of the Complaint as if fully set forth herein.

51. Defendant denies each and every allegation set forth in paragraph 50 of the Compliant.

52. Defendant denies each and every allegation set forth in paragraph 51 of the Compliant.

53. Defendant denies each and every allegation set forth in paragraph 52 of the Compliant.

54. Defendant denies each and every allegation set forth in paragraph 53 of the Compliant.

55. Defendant denies each and every allegation set forth in paragraph 54 of the Compliant.

56. Defendant denies each and every allegation set forth in connection with the Second Cause of Action in the Complaint and denies that Plaintiffs are entitled to any relief.

**THIRD CAUSE OF ACTION**
**Race Discrimination in Violation of the NYSHRL**

57. Defendant incorporate the responses made to paragraphs 1 through 54 of the Complaint as if fully set forth herein.

58. Defendant denies each and every allegation set forth in paragraph 56 of the Compliant.

59. Defendant denies each and every allegation set forth in paragraph 57 of the Compliant.

60. Defendant denies each and every allegation set forth in paragraph 58 of the Compliant.

61. Defendant denies each and every allegation set forth in paragraph 59 of the Compliant.

62. Defendant denies each and every allegation set forth in connection with the Third Cause of Action in the Complaint and denies that Plaintiffs are entitled to any relief.

## FOURTH CAUSE OF ACTION
### Retaliation in Violation of the NYSHRL

63. Defendant incorporates the responses made to paragraphs 1 through 59 of the Complaint as if fully set forth herein.

64. Defendant denies each and every allegation set forth in paragraph 61 of the Compliant.

65. Defendant denies each and every allegation set forth in paragraph 62 of the Compliant.

66. Defendant denies each and every allegation set forth in paragraph 63 of the Compliant.

67. Defendant denies each and every allegation set forth in paragraph 64 of the Compliant.

68. Defendant denies each and every allegation set forth in paragraph 65 of the Compliant.

69. Defendant denies each and every allegation set forth in connection with the Fourth Cause of Action in the Complaint and denies that Plaintiffs are entitled to any relief.

## FIFTH CAUSE OF ACTION
### Race Discrimination in Violation of the NYCHRL

70. Defendant incorporates the responses made to paragraphs 1 through 65 of the Complaint as if fully set forth herein.

71. Defendant denies each and every allegation set forth in paragraph 67 of the Compliant.

72. Defendant denies each and every allegation set forth in paragraph 68 of the Compliant.

73. Defendant denies each and every allegation set forth in paragraph 69 of the Compliant.

74. Defendant denies each and every allegation set forth in paragraph 70 of the Compliant.

75. Defendant denies each and every allegation set forth in connection with the Fifth Cause of Action in the Complaint and denies that Plaintiffs are entitled to any relief.

**SIXTH CAUSE OF ACTION**
**Retaliation in Violation of the NYCHRL**

76. Defendant incorporates the responses made to paragraphs 1 through 70 of the Complaint as if fully set forth herein.

77. Defendant denies each and every allegation set forth in paragraph 72 of the Compliant.

78. Defendant denies each and every allegation set forth in paragraph 73 of the Compliant.

79. Defendant denies each and every allegation set forth in paragraph 74 of the Compliant.

80. Defendant denies each and every allegation set forth in paragraph 75 of the Compliant.

81. Defendant denies each and every allegation set forth in paragraph 76 of the Compliant.

82. Defendant denies each and every allegation set forth in connection with the Sixth Cause of Action in the Complaint and denies that Plaintiffs are entitled to any relief.

**SEVENTH CAUSE OF ACTION**
**Race Discrimination Against Bolden in Violation of Title VII**

83. Defendant incorporates the responses made to paragraphs 1 through 76 of the Complaint as if fully set forth herein.

84. Defendant denies each and every allegation set forth in paragraph 78 of the Compliant.

85. Defendant denies each and every allegation set forth in paragraph 79 of the Compliant.

86. Defendant denies each and every allegation set forth in paragraph 80 of the Compliant.

87. Defendant denies each and every allegation set forth in paragraph 81 of the Compliant.

88. Defendant denies each and every allegation set forth in connection with the Seventh Cause of Action in the Complaint and denies that Plaintiffs are entitled to any relief.

**EIGHTH CAUSE OF ACTION**
**Retaliation Against Bolden in Violation of Title VII**

89. Defendant incorporates the responses made to paragraphs 1 through 81 of the Complaint as if fully set forth herein.

90. Defendant denies each and every allegation set forth in paragraph 83 of the Compliant.

91. Defendant denies each and every allegation set forth in paragraph 84 of the Compliant.

92. Defendant denies each and every allegation set forth in paragraph 85 of the Compliant.

93. Defendant denies each and every allegation set forth in paragraph 86 of the Compliant.

94. Defendant denies each and every allegation set forth in connection with the Eighth Cause of Action in the Complaint and denies that Plaintiffs are entitled to any relief.

## PRAYER FOR RELIEF

95. Defendant denies each and every allegation set forth in the "WHEREFORE" clause of the Complaint and denies that Plaintiffs are entitled to any relief.

## JURY DEMAND

96. Defendant objects to a trial by jury on Plaintiffs' equitable claims and all other issues described in the Complaint as to which Plaintiffs are not entitled to a jury as a matter of right or law.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

97. The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

98. Plaintiffs have failed to exhaust their administrative remedies.

### THIRD AFFIRMATIVE DEFENSE

99. Plaintiffs' claims are barred by the applicable statutes of limitations.

### FOURTH AFFIRMATIVE DEFENSE

100. Plaintiffs' claims are barred, in whole or in part, because Defendant did not intentionally discriminate or retaliate against them.

### FIFTH AFFIRMATIVE DEFENSE

101. All actions taken or omitted by Defendant with respect to Plaintiffs were taken or omitted for legitimate, non-discriminatory business reasons.

### SIXTH AFFIRMATIVE DEFENSE

102. All actions taken or omitted by Defendant with respect to Plaintiffs were taken or omitted in good faith, without any malice, evil motives, callous indifference, reckless indifference, negligence, or willfulness.

### SEVENTH AFFIRMATIVE DEFENSE

103. Defendant established, implemented and complied with appropriate policies, programs and procedures for the prevention and detection of unlawful discriminatory practices.

## EIGHTH AFFIRMATIVE DEFENSE

104. Plaintiffs' claims are barred, in whole or in part, because they unreasonably failed to report or complain about any of the alleged unlawful conduct to Defendant as required under Defendant's anti-discrimination policies, and Defendant neither knew, nor had reason to know, that Plaintiffs were subject to any of the alleged unlawful conduct.

## NINTH AFFIRMATIVE DEFENSE

105. Plaintiffs' own conduct, and/or conduct of third parties, caused, in whole or in part, whatever damages they may have suffered.

## TENTH AFFIRMATIVE DEFENSE

106. Plaintiffs have failed to mitigate their damages, if any.

## ELEVENTH AFFIRMATIVE DEFENSE

107. Neither Plaintiff is entitled to any of the relief sought in the Complaint.

## TWELFTH AFFIRMATIVE DEFENSE

108. Plaintiffs' claims are barred, in whole or in part, by the equitable doctrine of laches.

## THIRTEENTH AFFIRMATIVE DEFENSE

109. Plaintiffs have failed to name or join one or more indispensable parties.

## FOURTEENTH AFFIRMATIVE DEFENSE

110. Defendant's alleged acts or omissions, if any, were in good faith and with the reasonable belief that the alleged acts or omissions, if any, were not a violation of any applicable law.

## FIFTEENTH AFFIRMATIVE DEFENSE

111. Plaintiffs have failed to state facts sufficient to constitute claims for punitive damages because Defendant acted in good faith at all times.

## SIXTEENTH AFFIRMATIVE DEFENSE

112. Defendant did not unlawfully retaliate against either of the Plaintiffs in any way.

## RESERVATION OF DEFENSES

113. Defendant reserves the right to add, amend and/or supplement this Answer to assert those defenses which it deems necessary to its defense during or upon the conclusion of investigation and discovery, as well as to pursue any available counterclaims against Plaintiffs, or crossclaims against any third parties, as those claims become known during litigation.

**WHEREFORE**, Defendant seeks judgment against Plaintiffs:

(a) Denying all relief sought by Plaintiffs and dismissing the Complaint in its entirety, with prejudice;

(b) Awarding Defendant its costs and disbursements associated with this action, including reasonable attorneys' fees, to the maximum extent allowed by law; and

(c) Granting Defendant such other and further relief as the Court deems just and proper.

Dated: New York, New York
February 24, 2022

Respectfully submitted,

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By: <u>s/ Jonathan Stoler</u>
  Jonathan Stoler (JS-7494)
  Scott T. Earl (SE-9681)

30 Rockefeller Plaza
New York, New York 10112
Tel.: (212) 653-8700
Fax: (212) 653-8701

*Attorneys for Defendant*